USCA1 Opinion

 

 December 23, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1256 HERIBERTO AYALA-MARTINEZ, Plaintiff, Appellant, v. HUMBERTO ANGLERO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Brody,* District Judge. ______________ _____________________ Federico Lora-L pez for appellant. ___________________ Anabelle Rodr guez, Solicitor General, with whom Reina Col n __________________ ___________ de Rodr guez, Deputy Solicitor General and Carlos Lugo-Fiol, ____________ _________________ Assistant Solicitor General, were on brief for appellee Wadalberto Matos-Burgos. ____________________ ____________________ ____________________ * Of the District of Maine, sitting by designation. TORRUELLA, Circuit Judge. Appellant Heriberto Ayala _____________ Mart nez ("Ayala") appeals from a summary judgment dismissing his lawsuit. In his complaint, Ayala alleged that Police Officer Wadalberto Matos Burgos ("Matos") violated his constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments and sought damages under 42 U.S.C. 1983 (" 1983"). We affirm the summary judgment on the malicious prosecution claim and remand the rest of the case for further proceedings in the district court. BACKGROUND BACKGROUND __________ On June 30, 1989, at approximately 11:00 p.m., Matos stopped Ayala for driving through a red light, and gave him a sobriety test. Matos contends that this test revealed that Ayala had been drinking alcohol. After this test, Matos took Ayala to the police station, where Ayala alleges that, in the presence of Matos, Sergeant Angler and several other police officers battered him. Ayala has since won judgment against Sergeant Angler for denying Ayala's civil rights in violation of 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. It is unclear from the record whether Ayala accused Matos of participating in the beating. Matos contends that after the altercation, Ayala refused to submit to a chemical alcohol test. Matos filed criminal charges against Ayala for obstruction of justice, aggravated assault, driving under the influence of alcohol, and failing to submit to a chemical alcohol test. The magistrate found that Matos had probable cause to arrest Ayala for failure to submit to a chemical alcohol test and driving while under the influence of alcohol, but no probable cause with respect to obstruction of justice and aggravated assault. At trial, Ayala was found innocent on the failure to submit and driving under the influence charges. Ayala initially sued both Matos and Sergeant Angler for malicious prosecution. He then moved to amend his complaint. His amended complaint added to his initial complaint charges of conspiracy, false arrest and excessive use of force. We cannot determine from the district court's opinion whether it granted or denied Ayala's amended complaint. In its opinion, the court granted summary judgment to Matos and at the same time said that it granted Ayala's motion to amend his complaint, erroneously commenting that the amendment's only addition to the complaint consisted of adding the name of Sergeant Angler 's wife. Additionally, in granting summary judgment, it discussed only the malicious prosecution count without mentioning the three additional counts that the amended complaint added. We affirm the district court's summary judgment with respect to the malicious prosecution claim, and remand the rest of the case to the district court for a clarification of whether it granted the amended complaint, and for a ruling on the three additional claims set forth in Ayala's amended complaint in the event that it did. -3- SUMMARY JUDGMENT SUMMARY JUDGMENT ________________ A moving party is entitled to summary judgment if there is no genuine issue of material fact, and that party is entitled to judgment as a matter of law. Griggs-Ryan v. Smith, 904 F.2d ___________ _____ 112, 115 (1st Cir. 1990) (quoting Fed. R. Civ. P. 56(c)). Our review of summary judgments is plenary, and we look at all of the facts on the record and draw all inferences in the light most favorable to the non-moving party. Id. __ MALICIOUS PROSECUTION MALICIOUS PROSECUTION _____________________ Ayala contends that Matos maliciously prosecuted him in violation of 1983. Specifically, he claims that Matos "knowing[ly] and maliciously falsified evidence in order to initiate proceedings against [him] . . . ." Plaintiff's First Amended Complaint at 5. A federal constitutional claim under 1983 based on malicious prosecution requires conduct so egregious and conscience shocking that it violates the plaintiff's due process rights. Torres v. Superintendent of Police of Puerto Rico, 893 ______ ________________________________________ F.2d 404, 409 (1st Cir. 1990). To constitute a violation of due process, a malicious prosecution must either result in a deprivation of life, liberty, or property, or violate another constitutional right. Id. See __ ___ also Albright v. Oliver, 975 F.2d 343, 347 (7th Cir. 1992). For ____ ________ ______ example, if a defendant prosecuted a plaintiff due to race, or in order to prevent free speech, then the malicious prosecution wouldgenerate a constitutional claim. See Torres,893 F.2d at 409. ___ ______ -4- Viewing the facts in the light most favorable to Ayala, the motions and evidence reflect that: several police officers beat Ayala without physical provocation; Matos was present during the beating and might have participated; Matos then fabricated several charges against Ayala in order to justify the injuries that Ayala received. While these facts, if true, are clearly morally repugnant and might well support a claim for malicious prosecution under Puerto Rican tort law, they fail to meet the standards of a malicious prosecution claim under 1983. T h e evidence fails to show that Matos prosecuted Ayala for racial or political motivation, or otherwise deprived him of equal protection. In addition, Ayala's detention was part of a lawful arrest for driving while under the influence of alcohol, and the magistrate quickly dismissed the questionable charges that Matos brought. Thus, the malicious prosecution did not cause the deprivation of Ayala's life, liberty, or property. Because Ayala suffered no due process violation, Matos is entitled to a judgment as a matter of law on the malicious prosecution claim. We remand the rest of the case for a clarification of whether the district court granted Ayala's amended complaint, and for a ruling on the amended complaint's three additional claims in the event that it did. Affirmed in part; remanded in part. __________________________________ -5-